UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ESTES INNOVATIVE AND WAREHOUSING, A DIVISION OF EXPRESS LINES, INC., <br><br> *Plaintiff* <br><br> v. <br><br> HOMETEX DESIGN, INC., <br><br> *Defendant* | ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) NO. <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

**Parties, Jurisdiction and Venue:**

1. The plaintiff, Estes Innovative and Warehousing, a Division of Estes Express Lines, Inc. ("Estes"), is a corporation organized and existing under the laws of the State of Virginia and maintains its principal office and place of business at 3901 West Broad Street, Richmond, Virginia 23230.

2. Estes operates as an interstate motor carrier of property and at all times pertinent hereto was and is subject to the jurisdiction of the Federal Motor Carrier Safety Administration ("FMCSA"), the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 13101, *et seq.*, and the rules, regulations and orders promulgated thereunder.

3. The defendant, Hometex Design, Inc. ("Hometex"), upon information and belief, is a Massachusetts corporation having an office and principal place of business at 126 Shove Street, Fall River, Bristol County, Massachusetts 02724.

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1337 in that this action involves the collection of interstate transportation (freight) charges for a series of shipments moving in interstate commerce pursuant to the ICCTA, 49 U.S.C. §§ 13706 and 13710, as hereinafter more fully appears.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the defendant, Hometex, has an office in this district and the interstate shipments of goods that Estes transported and that are the subject of this Complaint were shipped from Fall River, Massachusetts and billed to Hometex in this district.

**Factual Allegations:**

6. Between April 2004 and November 2004 Estes transported seven (7) shipments of freight for Hometex in interstate commerce (the "shipments"), from Hometex's facilities in Fall River, Massachusetts to Indianapolis, Indiana, pursuant to interstate bills of lading and corresponding discounted freight bills as summarized in **Exhibit A** hereto.

7. The bills of lading were marked as "prepaid," and Hometex instructed Estes to send its freight bills for the shipments to Hometex in Fall River, Massachusetts.

8. On or about the dates shown in Exhibit A, Estes sent its freight bills to Hometex, as instructed, for the freight charges due on each of the seven (7) shipments, in the total original, discounted amount of $4,079.60.

9. The freight charges and invoices described in Paragraphs 6 and 8 above were based upon and subject to the rates, rules, classifications and tariffs maintained by Estes and made available to Hometex in accordance with the provisions of the ICCTA and the regulations of the FMCSA thereunder.

10. Item 720 of Estes' Tariff, EXLA 105-G ("Item 720"), **Exhibit B** hereto, governs Hometex's shipments and provides as follows:

> All shipments upon which the lawfully applicable rates and charges are not paid in full within a thirty (30) calendar day period from date of invoice will be subject to the following late payment provisions.
>
> 1. The carrier will provide the debtor with written notification that the freight bill is past the thirty (30) day credit period.
> 2. The debtor of delinquent freight bills will accrue the following late payment penalty on each delinquent freight bill:
>
>    (a) A late payment penalty fee will applied to each delinquent freight bill, as follows:
>
>    LATE PENALTY FEE ......................... 2.0%
>
>    MINIMUM PENALTY FEE (prior to 7/30/01)... $ 3.60 (per EXLA 105-F)
>
>    MINIMUM PENALTY FEE (after 7/30/01)...... $ 3.80 (per EXLA 105-G)
>
>    (b) The debtor will have up to fifteen (15) calendar days, from the date of notification, to present payment in full.
>
>    (c) Non-payment after this time period, will result in the debtor forfeiting all discounts shown on each freight bill.
>
> 3. If carrier elects to proceed with legal action or place delinquent charges with an outside collection agency, a thirty percent (30%) collection fee, calculated on the gross undiscounted charges, will be applied to each delinquent invoice.
>
> 4. The debtor will be the Consignor for PREPAID shipments; the Consignee for COLLECT shipments; or a third party as defined in Item 360-50 of this tariff.

11. At all times pertinent hereto, Estes's rates, classifications, rules, practices and tariffs were available to Hometex upon request pursuant to 49 U.S.C. § 13710 (a)(1).

12. In spite of Estes' demands for payment, Hometex failed and refused to pay Estes' discounted freight bills.

13. By correspondence dated November 22, 2004, **Exhibit C** hereto, Estes notified Hometex of the removal of any discounts, pursuant to Item 720, and again demanded payment in full of its freight bills within fifteen (15) days.

14. Hometex nonetheless failed and refused to pay Estes's discounted freight bills as set forth in Exhibit A hereto, has paid nothing to Estes, and has thereby invoked the loss-of-discount and collection fee provisions in Item 720 of Estes's tariff described in Paragraph 10 above.

15. There is now due and owing to Estes from Hometex the sum of $11,095.70, representing the undiscounted freight charges due Estes, plus a 30% collection fee of $3,328.71, for a total of $14,424.41, all in accordance with Estes's interstate tariffs, plus pre- and post-judgment interest at the maximum amount allowed by law, and costs.

## COUNT I
### (Interstate Freight Charges)

Estes repeats and realleges each of the allegations contained in paragraphs 1 through 15 of this Complaint as though separately set forth herein.

16. The matters complained of herein and the liability of defendant Hometex are predicated upon Estes's interstate transportation of Hometex's property pursuant to interstate bills of lading, invoices and freight bills, and the rates, rules, classifications and tariffs incorporated by those documents and maintained by Estes.

17. Estes has performed all the terms and conditions set forth in the bills of lading for the seven (7) interstate shipments described in Paragraph 6 above which it was required to perform, and there is now due Estes from Hometex, owing and unpaid, the sum of $11,095.70 plus a 30%

collection fee of $3,328.41, for a total of $14,424.41, for interstate transportation (freight) charges as aforesaid.

18. Despite Estes's demands upon Hometex for payment, Hometex has failed and refused to pay Estes for these seven (7) interstate freight bills.

19. Estes is therefore entitled to and hereby demands judgment against Hometex in the sum of $14,424.41 pursuant to Item 720 of its interstate tariff, plus interest, costs and such other relief as may be appropriate.

WHEREFORE, plaintiff Estes Innovative and Warehousing, a Division of Estes Express Lines, Inc. prays that the Court enter judgment against defendant Hometex Design, Inc. in the amount of $14,424.41, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs and such other relief as may be appropriate.

## COUNT II
### (Breach of Contract)

Estes repeats and realleges each of the allegations contained in paragraphs 1 through 19 of this Complaint as though separately set forth herein.

20. On or about the dates listed in Exhibit A hereto, pursuant to the request of Hometex and in accordance with the terms of interstate bill of lading contracts, Estes transported and delivered seven (7) interstate shipments of freight on behalf of Hometex, as aforesaid.

21. The interstate bill of lading contracts provided that Hometex would pay Estes for its transportation services in accordance with Estes' effective rates, rules, classifications and tariffs.

22. Hometex breached the bill of lading contracts by failing and refusing to pay Estes the amounts due, despite Estes's demands and Hometex's obligation to pay them.

23. As a result of Hometex's breach of the bill of lading contracts, Estes has been damaged in the sum of $14,424.41.

24. Estes is therefore entitled to and hereby demands judgment against Hometex in the sum of $14,424.41, and for such other relief as may be appropriate.

WHEREFORE, plaintiff Estes Innovative and Warehousing, a Division of Estes Express Lines, Inc. prays that the Court enter judgment against defendant Hometex Design, Inc. in the amount of $14,424.41, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs and such other relief as may be appropriate.

### COUNT III
### (Quantum Meruit)

Estes repeats and realleges each of the allegations contained in paragraphs 1 though 24 of this Complaint as though separately set forth herein.

25. Estes rendered to Hometex valuable interstate transportation services for which Hometex promised to pay the reasonable value thereof, and which it knew or should have known it would be expected to pay for.

26. The reasonable value of the interstate transportation services performed by Estes for the benefit of Hometex is $11,095.70, none of which has been paid, and Hometex has accordingly been unjustly enriched in the amount of at least $11,095.70.

27. Hometex has failed and refused to pay Estes the amount due, despite Estes's demands and Hometex's obligation to pay it.

28. Estes is therefore entitled to and hereby demands judgment against Hometex in the sum of $11,095.70, plus a 30% collection fee, interest and costs for the reasonable value of the services rendered to Hometex, and for such other relief as may be appropriate.

WHEREFORE, plaintiff Estes Innovative and Warehousing, a Division of Estes Express Lines, Inc. prays that the Court enter judgment against defendant Hometex Design, Inc. in the

amount of $14,424.41, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs and such other relief as may be appropriate.

                                             ESTES INOVATIVE AND WAREHOUSING,
                                             A DIVISION OF ESTES EXPRESS LINES, INC.

                                             By its attorney,

January 5, 2005                             /s/ Wesley S. Chused
                                             Wesley S. Chused, BBO# 083520
                                             LOONEY & GROSSMAN LLP
                                             101 Arch Street
                                             Boston, MA 02110
                                             Tel. (617) 951-2800
                                             Fax (617) 951-2819

# EXHIBIT A

Case 1:05-cv-10036-NG    Document 1-2    Filed 01/06/2005    Page 1 of 2

```
DATE: 12/16/2004                              ESTES EXPRESS LINES                                        TIME:    16:15:55
                                   CUSTOMER #:    5837415     CUSTOMER NAME: HOMETEX DESIGN                      PAGE:        1

                                         Account Detail Report for Aging Break                          Program: RAR760

Adj/ Pro            Statement  Billed    Freight  Statement  Bol#            Po#        Terms      Balance   Number
BD   Number         Date       Amount    Bill Dt  Number                                           Due       P/D
058  0186437        6/08/04    456.97    5/18/04  00212210   NS              NA         PPD         456.97
058  0187697        5/26/04    271.04    4/13/04  00091562   NS              NA         PPD         271.04
058  0194156        6/02/04    678.78    5/26/04  00245987   NS              NA         PPD         678.78
058  0205245       10/08/04    332.31   10/05/04  00640513   NS              NA         PPD         332.31
058  0217180        9/09/04    726.99    8/26/04  00549294   NS              NA         PPD         726.99
058  0217229        8/24/04   1013.07    8/19/04  00525692   NS              NA         PPD        1013.07
058  0223962       11/30/04    600.44   11/23/04  00809530   NS              NA         PPD         600.44

                                                                                   Total Due:     4079.60
                                                                                   Total # BILLS:        7

For Internal Use Only   F  1  12162000 12162004
Q = PENDING
```

# EXHIBIT B

EXLA TARIFF 105-G

RULES--GENERAL

| ITEM 710-160 | ITEM 710-160 |
|---|---|

PALLETS - RETURN OF
(Except marine type or intermodal containers designed for highway use on wheels)
Except as specifically provided, carriers will not perform free return of containers, pallets, platforms, racks, reels or skids.

| ITEM 720 | ITEM 720 |
|---|---|

PAYMENT OF CHARGES
All shipments upon which the lawfully applicable rates and charges are not paid in full within a thirty (30) calendar day period from date of invoice will be subject to the following late payment provisions.
  1. The carrier will provide the debtor with written notification that the freight bill is past the thirty (30) day credit period.
  2. The debtor of delinquent freight bills will accrue the following late payment penalty on each delinquent freight bill:
     (a). A late payment penalty fee will be applied to each delinquent freight bill, as follows:
         LATE PENALTY FEE ..................................................... 2.0%
         MINIMUM PENALTY FEE .................................................. $♦  3.80
     (b). The debtor will have up to fifteen (15) calendar days, from the date of notification, to present payment in full.
     (c). Non-payment after this time period, will result in the debtor forfeiting all discounts shown on each freight bill.
  3. If carrier elects to proceed with legal action or place delinquent charges with an outside collection agency, a thirty percent (30%) collection fee, calculated on the gross undiscounted charges, will be applied to each delinquent invoice.
  4. The debtor will be the Consignor for PREPAID shipments; the Consignee for COLLECT shipments; or a third party as defined in Item 360-50 of this tariff.

| ITEM 720-50 | ITEM 720-50 |
|---|---|

PAYMENT OF CHARGES--VIA GITC
All shipments upon which the lawfully applicable rates and charges are not paid in full within a thirty (30) calendar day period from date of invoice will be subject to the following late payment provisions.
  1. If the carrier retains an outside collection agency and/or must litigate the matter in a court of law to effect collection, the freight charges to be collected will be those resulting from the application of the full (undiscounted) class (not exception) rates that are in effect at the time the shipment was tendered to the carrier.
  2. Such freight charges shall be based on the carrier's generally applicable class rates and shall remove the application of discounts, percentage expressions, class exceptions, freight-all-kinds applications, commodity rates, non-standard rate scales, mileage rates, per vehicle rates, accessorial waivers and reductions, and any other type of reduction in the price charged to the customer. Shipments already rated at full undiscounted rates shall be subject to an additional charge equal to 30% of the total charges.

| ITEM 740 | ITEM 740 |
|---|---|

PERMITS--SPECIAL
Any shipment which, due to size (height, width or length), shape or weight, requires special permits from the State Highway Department or Departments of States, or Cities or Municipalities in which the shipment is being transported, will be subject to the following:
  1. The purchase cost of such permits, and all other expenses necessary to secure such permits, and all bridge, ferry, highway, tunnel or other public charges of like nature, which are incurred in the handling of any such shipment, which would not normally be required on shipments not requiring permits, will be paid by the carrier and collected as follows:
     (a). All such expenses or charges shall be collected from the Shipper or party requesting the movement of the shipment, plus a service charge per vehicle, per state in which permits are procured, of ............................................................. $♦  75.20
     (b). Except for the per vehicle, per state, service charge for each permit, shown in Paragraph 1(a) above, evidence of payment of all other charges provided for above, shall be furnished to Shipper or party requesting movements of the shipment upon request.
     (c). When a shipment requires more than one vehicle, charges provided herein do not apply to vehicles which do not contain articles or commodities requiring such permits.
  2. Any shipment which, due to size, shape or weight, requires a flagman or flagmen to accompany the vehicle, the rates in Paragraphs 2(a) and 2(b), below, will be charged to the Shipper or party requesting movement of the freight:
     (a). For each flagman accompanying the vehicle in or on which the shipment is being transported, will be subject to a CHARGE PER HOUR (See NOTE A) of ................ $♦  38.10
     (b). For each flagman as escort in a vehicle, other than the vehicle in or on which the shipment is being transported, will be subject to a CHARGE PER HOUR (See NOTE B) per each such other vehicle with flagman of ......................................................... $♦  45.55

NOTE A--Time will be computed from time flagman reports for duty at point and time designated by the Shipper or party requesting movement of the shipment, until released, but not to exceed 16 hours in any one day
NOTE B--Time will be computed from time vehicle with flagman leaves carrier's terminal nearest point of origin until return to such terminal, but not to exceed 15 hours in any one day.

For Explanation of Abbreviations and Reference Marks, see Item 125.

# EXHIBIT C



**EXPRESS LINES**

November 22, 2004

Larry Blackman, Owner

Hometex Design
126 Shove Street
Fall River, MA 02724

Account # 5837415

This is your official notification of the EXLA Tariff Item 105-J, Item 720, which allows removal of any discount on delinquent unpaid bills over thirty (30) days old.

Your company has been contacted through various means requesting remittance however your lack of payment has forced us to advise you of our published rules and regulations for collection of delinquent freight charges. This tariff is only in effect upon notification to the debtor. You have now been notified.

Please be advised if payment in full is not received within fifteen (15) days of the date of this letter, your discount will be forfeited and your account will be turned over to our legal department for further collection efforts.

Regards,

Dawn B. Jenkins
Supervisor
Collections
X 2328

*Be advised your account has been placed on NO CHARGE

CC: Betty Reed, Director of Credit
    Robert Newman, AC Mgr.

Encl.
Collections fax # 804 359 3172
E-Mail: djenkins@estes-express.com

**General Office:**
3901 West Broad Street
Richmond, VA 23230-3962

**Mailing Address:**
P.O. Box 25612
Richmond, VA 23260-5612

Phone: 804/353-1900
Fax: 804/353-8001

www.estes-express.com

An ExpressLINK Carrier

SERVICE IS WHAT OUR PEOPLE DELIVER

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Estes Innovative and Warehousing, a
Division of Express Lines, Inc.

## DEFENDANTS

Hometex Design, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __88888__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __25005__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Wesley S. Chused, BBO #083520
Looney & Grossman LLP, 101 Arch Street
Boston, MA 02110, (617) 951-2100

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☒ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | PERSONAL PROPERTY | LABOR | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 893 Environmental Matters |
| | | ☐ 385 Property Damage Product Liability | | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | SOCIAL SECURITY | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 861 HIA (1395ff) | |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 862 Black Lung (923) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 864 SSID Title XVI | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | FEDERAL TAX SUITS | |
| | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 740 Railway Labor Act | | |
| | | ☐ 790 Other Labor Litigation | | |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Action for interstate freight charges, 49 U.S.C. §§ 13706 and 13710.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ 14,424

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Estes Innovative and Warehousing, a Division of Express Lines, Inc. v. Hometex Design, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
    N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                            YES         NO X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                                            YES         NO X
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                            YES         NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                            YES         NO X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                            YES         NO X

    A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION        CENTRAL DIVISION X        WESTERN DIVISION X

    B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Wesley S. Chused
ADDRESS  Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110
TELEPHONE NO.  (617) 951-2800

(Cover sheet local.wpd - 11/27/00)